**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 96-4758

BRYAN A. VANMETER,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Irene M. Keeley, District Judge.
(CR-96-4)

Submitted: March 11, 1997

Decided: April 22, 1997

Before HAMILTON and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West
Virginia, for Appellant. William D. Wilmoth, United States Attorney,
Thomas O. Mucklow, Assistant United States Attorney, Wheeling,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Bryan VanMeter, after extensive cooperation with the government, pled guilty to conspiracy to transport stolen motor vehicles in interstate commerce.[1] While awaiting sentencing, VanMeter was arrested for retail theft, receiving stolen property, criminal conspiracy, fleeing or attempting to elude a police officer, reckless driving, and driving a vehicle at an unsafe speed. Because of this new criminal conduct, the district found that VanMeter had not accepted responsibility for his criminal actions and denied him a two-point downward adjustment in his base offense level under U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 (1995). VanMeter challenges the district court's denial of a downward adjustment for acceptance of responsibility, and his sentence of twenty-one months incarceration. After review, we find no reversible error and affirm VanMeter's sentence.

VanMeter argues that his guilty plea, admission of relevant conduct, and substantial cooperation with the government mandate an acceptance of responsibility award. We find no merit in this challenge. The burden is on VanMeter to show that he is entitled to a downward adjustment,[2] and "the district court's decision not to reduce the offense level [on acceptance of responsibility grounds] will not be disturbed unless clearly erroneous."[3] Given that there is probable cause to believe that VanMeter engaged in continued illegal activity after the plea agreement, we do not think that the district court erred in denying credit for acceptance of responsibility. The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility,[4] and we will not tie the district court's hands in its

_____

[1] 18 U.S.C. §§ 371, 2312 (1994).
[2] **See United States v. Myers**, 66 F.3d 1364, 1371 (4th Cir. 1995).
[3] **United States v. Curtis**, 934 F.2d 553, 557 (4th Cir. 1991).
[4] USSG § 3E1.1, comment. (n.5) (1995).

2

determination of how to consider the defendant's criminal conduct for which he was indicted after his guilty plea.

Accordingly, we affirm VanMeter's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3